IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 16, 2003

## STATE OF TENNESSEE v. TREASA RENEE SHORTER

**Direct Appeal from the Circuit Court for Marshall County**
**No. 15103     Charles Lee, Judge**

_____

**No. M2002-02387-CCA-R3-CD - Filed December 30, 2003**

_____

The defendant, Treasa Renee Shorter, pled guilty to possession of .5 grams or more of cocaine with intent to sell. The trial court imposed a sentence of nine years and nine months to be served in the Department of Correction. In this appeal, the defendant contends: (1) her sentence is excessive; and (2) the trial court erred in denying alternative sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Donna Leigh Hargrove, District Public Defender; Andrew Jackson Dearing, III, Assistant District Public Defender (at hearing and on appeal); and Gregory D. Smith, Clarksville, Tennessee (on appeal), for the appellant, Treasa Renee Shorter.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 11, 2002, officers searched the defendant's residence pursuant to a search warrant and discovered 6.3 grams of cocaine in her possession. She entered an "open" guilty plea to possession of .5 grams or more of cocaine with intent to sell. Following a sentencing hearing, the trial court imposed a nine-year, nine-month sentence and denied alternative sentencing.

### SENTENCING HEARING

The presentence report showed that the twenty-seven-year-old defendant had prior convictions for assault and driving under the influence in Tennessee, and convictions for false informing, criminal conversion, and a weapons offense in Indiana. Some of these offenses along with the instant offense were committed while she was on probation.

The defendant testified she cooperated with the authorities and provided them with information regarding the role of other persons in drug trafficking. She admitted she was convicted for offenses committed while she was on probation, and that she was on probation for assault at the time she committed the instant offense. She also admitted she had been selling drugs for two months at the time of her arrest.

The trial court applied enhancement factor (2), the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and enhancement factor (9), the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. *See* Tenn. Code Ann. § 40-35-114(2), (9) (Supp. 2002).[1] The trial court also applied mitigating factor (10), the defendant assisted the authorities in locating other persons involved in the crime, and mitigating factor (13), any other factor consistent with the purpose of this chapter because the defendant pled guilty to the charge against her. *See id.* § 40-35-113(10), (13) (1997). The trial court, stating it placed "considerable" weight upon the enhancement factors, imposed a sentence of nine years and nine months. The trial court also found the defendant had failed to establish she was a proper candidate for community corrections because measures less restrictive than confinement had been unsuccessful in rehabilitating the defendant.

## STANDARD OF REVIEW

A defendant's sentence is reviewed by the appellate courts *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). For this presumption to apply to the trial court's actions, there must be an affirmative showing in the record that the trial court considered sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

If the trial court has imposed a lawful sentence by following the statutory sentencing procedure, has given due consideration and proper weight to the factors and sentencing principles, and has made findings of fact adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

## ANALYSIS

The defendant argues the trial court erred in applying enhancement factor (9), the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, because the defendant was never placed on "intensive monitoring of probation or other options such as Community Corrections." The record on appeal clearly established the

___

[1]Effective July 2002, the legislature amended Tennessee Code Annotated section 40-35-114 by adding "terrorism" as an enhancement factor. 2002 Tenn. Pub. Acts, ch. 849, § 2(c). This is listed as factor (1), thus renumbering the previous factors as (2) through (23). *See* Tenn. Code Ann. § 40-35-114 (Supp. 2002). At sentencing, the trial court referred to the enhancement factors as numbered in Tennessee Code Annotated section 40-35-114 (1997).

defendant on prior occasions committed offenses while on probation. Enhancement factor (9) is applicable regardless of whether the defendant's prior probations were intensely monitored or supervised. We discern no error in the length of the sentence imposed by the trial court.

The defendant further contends the trial court erred in denying her alternative sentencing, such as community corrections. We do not agree. We note the defendant was not entitled to probation since her sentence was greater than eight years. *See* Tenn. Code Ann. § 40-35-303(a). Further, there is no presumption she was entitled to be placed on community corrections since she was convicted of a Class B felony. *See id.* § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. *Id.* § 40-35-103(1)(C); *see also* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the instant case, the trial court denied community corrections after finding less restrictive measures than incarceration had proven unsuccessful. Indeed, the defendant committed prior offenses as well as the instant offense while on probation. Therefore, we conclude the trial court did not err in denying alternative sentencing.

## CONCLUSION

Based upon our review of the record, we affirm the judgment of the trial court.


JOE G. RILEY, JUDGE